D9980 - P17

# IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO
### CIVIL DIVISION

JACQUELINE D. BUTLER,                       :
2653 Glenbriar Street,                      :
Columbus, Ohio 43232,                       :

      Plaintiff,                            :                 **10CVH 4    6557**

      vs.                                   :        Case No.

OHIOHEALTH CORPORATION,                     :        JUDGE
c/o statutory agent:                        :
Frank T. Pandora, II, Esq.,                 :
180 East Broad Street, 34th Floor,          :
Columbus, Ohio 43215,                       :

      and                                   :

JACQUELYN L. GREWE,                         :
46 East Lincoln Avenue,                     :
Columbus, Ohio 43214-1106,                  :

      and                                   :

KAREN SMITH,                                :
c/o Riverside Methodist Hospital,           :
3535 Olentangy River Road,                  :
Columbus, Ohio 43214,                       :

      Defendants.                           :        Jury Demand Endorsed Hereon

## COMPLAINT

### JURISDICTION AND VENUE

    1.    This action is brought pursuant to the Ohio Civil Rights Act, Ohio Revised Code

Chapter 4112 ("Chapter 4112"), and the Family Medical Leave Act ("FMLA"), 29 U.S.C. §

2601, *et seq.*

D9980 – P18

2.      This Court has subject matter jurisdiction and venue pursuant to Ohio R. Civ. P. 3(B)(2), 3(B)(3), and 3(B)(6) because Plaintiff's claims arise under the laws of the State of Ohio; Defendant OhioHealth conducts substantial business in Franklin County; the Defendants conducted activities giving rise to Plaintiff's claims in Franklin County; and Franklin County is the county in which all or part of the claims for relief arose.

## PARTIES

3.      Plaintiff is a resident of Columbus in Franklin County, Ohio.  Plaintiff brings this action to redress injuries committed against her as a result of Defendants' actions.

4.      Upon information and belief, Defendant OhioHealth Corporation ("OhioHealth") is an Ohio corporation with its principal place of business in Franklin County, Ohio.

5.      Upon information and belief, Defendant Jackie Grewe is a resident of Franklin County, Ohio.

6.      Upon information and belief, Defendant Karen Smith is a resident of Franklin County, Ohio.

7.      Plaintiff was an "employee" as defined in Chapter 4112 of the Ohio Revised Code.

8.      Defendants are individuals, persons and/or an "employer" as defined in Chapter 4112 of the Ohio Revised Code.

## FACTS

9.      Plaintiff was employed by Defendant OhioHealth from on or about June 18, 1981, until on or about August 13, 2009.

2

D9980 - P19

10.     In the year prior to August 13, 2009, Plaintiff worked in excess of 1,250 hours for Defendants.

11.     On August 13, 2009, Plaintiff had been employed by Defendants for more than a year.

12.     On, August 16, 2009, Plaintiff was an "eligible employee" as that term is defined by the FMLA.

13.     Defendant OhioHealth is engaged in commerce or in an industry affecting commerce, which employs 50 or more employees for each working day during 20 or more calendar workweeks in this current or the preceding calendar year.

14.     Defendants Grewe and Smith acted directly or indirectly in the interest of their employer, Defendant OhioHealth, in all conduct relating to the allegations herein.

15.     At the time of her termination, Plaintiff was a Histology Technician for Defendants.

16.     At all times relevant herein, Plaintiff was qualified for her position and successfully performed the duties and responsibilities of her position.

17.     Following the death of her mother in July 2005, Plaintiff suffered from chronic depression.

18.     Plaintiff was granted FMLA leave in or around July 2005.

19.     Plaintiff used intermittent FMLA leave from July 2005 through her termination in August 2009 for chronic depression.

20.     Plaintiff was granted FMLA leave in or around April 2007 for a stress fracture to her right foot, which Defendant combined with the FMLA leave necessary for her chronic depression.

3

D9980 - P20

21.    In or around April 2007, Plaintiff was required to report to work for a shift that began at 6:30.a.m.

22.    In or around April 2007, Plaintiff's medication caused her to have difficulty sleeping, and she had difficulty putting on the protective boot her doctor required that she wear in order to prevent her stress fracture from worsening, and as a result she struggled to get into work on time.

23.    In or around April 2007, Plaintiff requested that she be granted a schedule change or other accommodation due to her difficulty reporting in for the early shift. Her request was denied, and no alternative was offered. She was not referred to Human Resources or any other entity or program within OhioHealth responsible for accommodating and/or assisting disabled employees.

24.    From 2007 until 2008, Plaintiff continued to struggle to arrive on time for her early shift, due to the effect the medication she had been prescribed to treat her chronic depression had on sleep patterns, although she was able to arrive on time to work on most occasions.

25.    In 2008, Plaintiff requested that she be permitted to use intermittent FMLA leave to arrive to work later, so that she would not be disciplined for her occasional tardiness. Her request was refused, and no alternative was offered. She was not referred to Human Resources, or any other entity or program within OhioHealth responsible for accommodating and/or assisting disabled workers or employees requiring FMLA-protected leave.

26.    Plaintiff was disciplined for her late arrivals to work.

27.    Again in early 2008, Plaintiff again requested a schedule change. Again her request was denied, no alternative was offered, and she was not referred to Human Resources or

4

D9980 - P21

any other entity or program within OhioHealth responsible for accommodating and/or assisting disabled employees.

28. In 2008, Plaintiff discovered that at least two other co-workers had been granted shift or schedule changes due to difficulty arriving at work on time.

29. In or around May 2008, Plaintiff was placed in the hospital for congestive heart failure and health issues related to stress.

30. In or around May 2009, Defendant Smith called Plaintiff in the hospital, and indicated that if she did not return to work by May 11, Plaintiff would be terminated and replaced with another employee.

31. Although Plaintiff requested that her doctor release her so that she would not be terminated from her position at OhioHealth, her doctor refused, indicating she would not be medically able to work until May 18, 2009.

32. Fortunately, her job was not terminated, but the threat of termination caused Plaintiff additional stress during an already vulnerable time.

33. In or around July 2009, Plaintiff was disciplined in retaliation for requesting accommodations, and for exercising FMLA-protected leave.

34. On August 13, 2009, Plaintiff was terminated due to her disciplinary file, which included discipline for tardiness.

35. Defendants refused to engage in a good faith-interactive conversation with Plaintiff regarding her request for reasonable accommodation, despite her attempts to discuss such accommodations on numerous occasions.

D9980 - P22

36.    Defendants terminated Plaintiff because she was disabled, and/or because of her age, and in retaliation for engaging in the protected activities of requesting reasonable accommodation and utilizing FMLA-protected leave time.

37.    Defendants were aware of Plaintiff's medical conditions of chronic depression, a stress fracture, and congestive heart failure.

38.    Upon information and belief, Plaintiff was replaced by a younger, less qualified employee.

## COUNT I

### (Interference With FMLA Rights - 29 U.S.C. 2601, *et seq.*)

39.    All of the preceding paragraphs are realleged as if fully rewritten herein.

40.    Plaintiff is an "eligible employee" as defined by 29 U.S.C. § 2611(2).

41.    Defendant OhioHealth is an "employer" as defined by 29 U.S.C. § 2611(4)(A).

42.    Defendants Grewe and Smith are each an "employer" as defined by 29 U.S.C. §2611(4)(A)(ii)(I).

43.    Plaintiff's leaves in 2008 and 2009 were for a "serious health condition" as defined by 29 U.S.C. § 2611(11)(B).

44.    Defendants violated the FMLA by interfering with Plaintiff's FMLA rights by, *inter alia,* requesting that Plaintiff return to work from FMLA leave, despite the fact that she had not exhausted her 12 weeks of FMLA-protected leave, and by using FMLA-protected leave time as a factor in terminating Plaintiff's employment.

45.    Defendants lacked good faith and/or reasonable grounds to believe that they had not violated the FMLA in the discharge of Plaintiff.

46.    Defendants' violations of the FMLA entitle Plaintiff to all available remedies pursuant to 29 U.S.C. § 2617(a).

6

D9980 - P23

## COUNT II

### (Retaliation for Exercising FMLA Rights - 29 U.S.C. 2601, *et seq.*)

47.     All of the preceding paragraphs are realleged as if fully rewritten herein.

48.     Plaintiff is an "eligible employee" as defined by 29 U.S.C. § 2611(2).

49.     Defendant OhioHealth is an "employer" as defined by 29 U.S.C. § 2611(4)(A).

50.     Defendants Grewe and Smith are each an "employer" as defined by 29 U.S.C. §2611(4)(A)(ii)(I).

51.     Plaintiff's leaves in 2008 and 2009 were to care for a "serious health condition" as defined by 29 U.S.C. § 2611(11)(B).

52.     Defendants violated the FMLA by retaliating against Plaintiff by terminating her employment, due to Plaintiff's requests for, and use of, FMLA-protected leave time.

53.     Defendants lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA in its discharge of Plaintiff.

54.     Defendants' violations of the FMLA entitle Plaintiff to all available remedies pursuant to 29 U.S.C. § 2617(a).

## COUNT III

### (Disability Discrimination – O.R.C. §4112.02)

55.     All of the preceding paragraphs are realleged as if fully rewritten herein.

56.     This claim is brought under Ohio law.

57.     At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

58.     At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of Section 4112.01(A)(13) of the Ohio Revised Code.

59.     Defendants knew Plaintiff was disabled and/or regarded her as disabled.

7

D9980 — P24

60.     Defendants were aware of the difficulties suffered by Plaintiff as a result of her disability.

61.     Plaintiff's disabilities caused her severe difficulties with, *inter alia*, walking, sleeping, sitting, and working.

62.     Defendants discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions: terminating her employment, failing to accommodate her disability, refusing to promote, transfer, recall or rehire her, retaliating against her, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

63.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

64.     Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT IV

### (Failure to Accommodate – O.R.C. §4112.02)

65.     All of the preceding paragraphs are realleged as if fully rewritten herein.

66.     This claim is brought under Ohio law.

67.     At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

68.     At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of Section 4112.01(A)(13) of the Ohio Revised Code.

D9980 – P25

69.    Defendants were aware of Plaintiff's disability.

70.    Plaintiff requested reasonable accommodation for her disability.

71.    Such reasonable accommodation was possible for Defendants to provide.

72.    On information and belief, Defendants had provided the requested accommodation to other employees outside the protected class.

73.    Defendants violated O.R.C. §4112.02, by, *inter alia*, failing to accommodate Plaintiff's disability, and by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for her disability.

74.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

75.    Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT V

### (Retaliation – O.R.C. §4112.02(J))

76.    All of the preceding paragraphs are realleged as if fully rewritten herein.

77.    This claim is brought under Ohio law.

78.    Plaintiff engaged in a protected activity by, *inter alia*, requesting reasonable accommodation for her disability.

79.    Defendants knew that Plaintiff engaged in protected activity.

9

D9980 — P26

80.     Once Plaintiff engaged in protected activities, Defendants purposefully retaliated against her by engaging in the following non-exhaustive list of actions: declining to engage in a good faith interactive process concerning Plaintiff's proposed accommodations, refusing to provide Plaintiff reasonable accommodation, disciplining Plaintiff, and terminating Plaintiff's employment after she requested reasonable accommodation.

81.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

82.     Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages and reasonable attorney fees and costs.

## COUNT VI

### (Disability Discrimination – O.R.C. §4112.99)

83.     All of the preceding paragraphs are realleged as if fully rewritten herein.

84.     Defendants discriminated against Plaintiff on the basis of disability when they terminated her employment and/or refused to transfer, rehire or recall her into other available positions for which she was qualified, in violation of Section 4112.02 of the Ohio Revised Code.

85.     Defendants' violation of Section 4112.02 of the Ohio Revised Code is a violation of Section 4112.99 of the Ohio Revised Code.

86.     Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages and punitive damages and all other relief available under this section.

10

D9980 - P27

## COUNT VII

### (Age Discrimination – O.R.C. §4112.14)

87.    All of the preceding paragraphs are realleged as if fully rewritten herein.

88.    This claim is brought under Ohio law.

89.    Plaintiff was born on February 10, 1961, and at all times relevant hereto was over forty (40) years of age.

90.    During her term of employment, Plaintiff successfully performed the duties and responsibilities of her position as Histology Technician.

91.    On or around August 13, 2009, Defendants terminated Plaintiff's employment and/or refused to rehire Plaintiff.

92.    At the time of her termination and/or refusal to rehire, Plaintiff was qualified for the position she held.

93.    Upon information and belief, Defendants replaced Plaintiff with, and/or transferred the responsibilities for Plaintiff's position to, a person or persons who were under the age of forty (40) and/or substantially younger than Plaintiff.

94.    Defendants discriminated against Plaintiff on the basis of age by engaging in the following non-exhaustive life of actions: terminating Plaintiff's employment, refusing to transfer, rehire or recall Plaintiff into other available positions for which she was qualified, transferring the responsibilities for Plaintiff's position to a person under the age of (40) or substantially younger than Plaintiff, and disciplining Plaintiff, and treating Plaintiff differently because of her age in the terms and conditions of his employment, in violation of Section 4112.14 of the Ohio Revised Code.

11

D9980 - P28

95. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

96. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT VIII

### (Age Discrimination – O.R.C. §4112.99)

97. All of the preceding paragraphs are realleged as if fully rewritten herein.

98. Defendants discriminated against Plaintiff on the basis of age when they terminated her employment and/or refused to transfer, rehire or recall her into other available positions for which she was qualified, in violation of Section 4112.14 of the Ohio Revised Code.

99. Defendants' violation of Section 4112.14 of the Ohio Revised Code is a violation of Section 4112.99 of the Ohio Revised Code.

100. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages and punitive damages and all other relief available under this section.

WHEREFORE, Plaintiff respectfully requests that she be awarded back pay and benefits, reinstatement or front pay and benefits, pre-judgment interest, post-judgment interest,

D9980 - P29

compensatory damages, punitive damages, liquidated damages, attorney fees, expert witness fees and costs of this action, and any other relief which the Court deems just and appropriate.

Respectfully submitted,

Robert J. Beggs (0002966)
(*John.Beggs@BeggsCaudill.com*)
Danny L. Caudill (0078859)
(*Danny.Caudill@BeggsCaudill.com*)
Carolyn E. Gutowski (0085748)
(*Carrie.Gutowski@ BeggsCaudill.com*)
BEGGS CAUDILL, LLC
1675 Old Henderson Road
Columbus, Ohio 43220-3644
(614) 360-2044
Fax (614) 448-4544

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

Carolyn E. Gutowski (0085748)

13